# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BILLINGS DIVISION

| | | |
|---|---|---|
| STUART A. DAVIS and CARMELLE C. DAVIS, Individually and as Next Friend to their Minor Children, L.D., B.R.D., R.C.D., K.C.D. and M.P.D., | ) ) ) ) ) ) | |
| | ) | Case No. CV-09-144-BLG-RFC |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | ORDER DENYING MOTION FOR SUMMARY |
| BREG, INC., a California Corp., and JOHN DOE CORPORATIONS 1-10, | ) ) ) ) | JUDGMENT |
| Defendants. | ) ) ) | |

Currently pending before the Court is Defendant's Motion for Summary Judgment. Defendant asserts that summary judgment is appropriate because the undisputed evidence establishes that the dose of anesthetic Plaintiff Stuart Davis (Plaintiff herein) received could not and did not cause Plaintiff's chondrolysis. Plaintiffs oppose Defendant's Motion.

# FACTS

The Breg Pain Care 3000 and 3200[1] are portable infusion pumps that act as a delivery mechanism for the continuous infusion of a local anesthetic for post-operative management of pain. Following surgery, a pump may be used to alleviate pain for two to three days by delivering anesthetic, prescribed at a physician's discretion.

On March 28, 2006, Plaintiff Stuart Davis underwent arthroscopic surgery on his left shoulder to repair a labral tear in his shoulder joint. At the end of the procedure, Dr. Hunter inserted the catheter of a Breg Pain Care infusion pump into the shoulder joint space, or "intra-articularly."

Plaintiff first began experiencing a sensation of ratcheting or movement without the normal gliding of his shoulder in late summer or fall of 2008. An MRI of his left shoulder on December 22, 2008 showed serious and permanent damage to the cartilage of his shoulder. An x-ray taken on July 21, 2009 confirmed complete cartilage destruction as well as the presence of osteophytes and subchondral cysts. Plaintiff was diagnosed with glenohumeral chondrolysis on November 5, 2009. He had a total shoulder arthroplasty on January 19, 2010.

---

[1] The exact Pain Care model used in this case is unknown.

Plaintiff claims that, as a result of the post-operative continuous infusion of bupivacaine via the Breg Pain Care pump, he suffers from glenohumeral chondrolysis, "which is the complete or nearly complete loss of cartilage in the shoulder joint, an irreversible, disabling and extremely painful condition." Compl. ¶ 13.

Plaintiffs' Complaint asserts twelve counts against Defendant:

1. Strict Liability Design Defect and Failure to Warn
2. Negligence
3. Negligent Misrepresentation
4. Fraud
5. Consumer Protection Act
6. *Res Ipsa Loquitur*
7. Loss of Consortium (C. Davis)
8. Loss of Household Services (C. Davis)
9. Loss of Consortium (Children)
10. Negligent Infliction of Emotional Distress
11. Intentional Infliction of Emotional Distress
12. Punitive Damages

## STANDARD OF REVIEW

Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). An issue is "genuine" only if there is a sufficient evidentiary basis on which a reasonable fact finder could find for the nonmoving party and a dispute is "material" only if it could affect the outcome of the suit

under the governing law.  *Anderson, v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).

The party moving for summary judgment has the initial burden of showing the absence of a genuine issue of material fact.  *Anderson*, 477 U.S. at 256-57.  Once the moving party has done so, the burden shifts to the opposing party to set forth specific facts showing there is a genuine issue for trial.  *In re Barboza*, 545 F.3d 702, 707 (9th Cir. 2008).  The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists."  *Id.*

On summary judgment, the evidence must be viewed in the light most favorable to the non-moving party.  *Id.*  The court should not weigh the evidence and determine the truth of the matter, but determine whether there is a genuine issue for trial.  *Anderson,* 477 U.S. at 249.

## ANALYSIS

Defendant's argument in support of summary judgment rests on the premise that only 50 ccs of anesthetic was infused into Plaintiff's shoulder joint.  This evidence is disputed.  If the Breg Pain Care 3000 pain pump was used, it could have infused approximately 100 ccs of anesthetic into Plaintiff's shoulder.  If the

Breg Pain Care 3200 was used, it could have infused approximately 200 ccs of anesthetic into Plaintiff's shoulder.

Plaintiffs have retained Dr. Charles Beck to testify as to causation. Dr. Beck relies on his education, professional training and experience as an orthopedic surgeon, experience with pain pumps, and the totality of the available medical and scientific literature, case studies, and his own clinical study. Dr. Beck's opinion is that intra-articular use of pain pumps with commonly used anesthetics such as Marcaine (with or without epinephrine) are a scientifically valid and plausable cause of chondrolysis of the glenohumeral joint.

Defendant has relied heavily on the disputed material fact that 50 ccs of anesthetic was infused into Plaintiff's shoulder joint. There is, in fact, conflicting evidence regarding the amount of anesthetic used and that is fatal to Defendant's motion.

Defendant's Motion for Summary Judgment [*doc.65*] is **DENIED**. The Clerk of Court is directed to notify the parties of the making of this Order.

DATED this 30th day of June, 2011.

                                         */s/ Richard F. Cebull*_____
                                         RICHARD F. CEBULL
                                         U.S. DISTRICT COURT JUDGE